# IN THE UNITED STATED BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PFF BANCORP, INC., <u>et</u> <u>al</u>.,[1]<br><br>Debtors. | Chapter 11 Cases<br><br>Case No. 08-13127 (KJC)<br><br>Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PFF BANCORP INC., <u>et</u> al.<br><br>Plaintiff,<br><br>v.<br><br>ROBERT L. GOLISH<br><br>Defendant. | <br><br><br><br><br>Adversary Proceeding No.10-55610<br><br>**Objection Deadline:** May 27, 2011 at 4:00 p.m.<br>**Hearing Date:** June 8, 2011 at 2:30 p.m. |

**MOTION PURSUANT TO 11 U.S.C. §105(a) AND BANKRUPTCY
RULE 9019(a) FOR APPROVAL OF STIPULATION BETWEEN
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
<u>PFF BANCORP, INC., *et al.* AND ROBERT L. GOLISH</u>**

1.　　The Official Committee of Unsecured Creditors of PFF Bancorp, Inc., *et al.* (the

"<u>Committee</u>") by and through its undersigned counsel, hereby moves (the "<u>Motion</u>") this Court

for entry of an order approving the *Stipulation Between the Committee and Robert L. Golish* (the

"<u>Stipulation</u>").[2]  A copy of the Stipulation is attached as Exhibit "A" to the proposed form of

---

[1] The Debtors are the following 5 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): PFF Bancorp, Inc. a Delaware corporation (1623), Glencrest Investment Advisors, Inc., a Delaware corporation (1405), Diversified Builder Services, Inc., a California corporation (4416), PFF Real Estate Services, Inc., a California corporation (0728) and Glencrest Insurance Services, Inc., a California corporation (3118). The address of each of the Debtors is 9377 Milliken Avenue, Rancho Cucamonga, California 91730.

[2] Capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

131350.01600/22014122v.1

order and is incorporated herein by reference.  In further support of this Motion, the Committee respectfully represents as follows:

## JURISDICTION

2.  The Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).  Venue of these chapter 11 cases in this district is property under 28 U.S.C. §§ 1408 and 1409.

3.  The Statutory bases for the relief requested herein is 11 U.S.C. §105(a) and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

4.  On December 5, 2008, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code.

5.  On or about July 7, 2009, Robert L. Golish filed a proof of claim ("Claim 33") against debtor PFF Bancorp, Inc. in the amount of $878,841.00, seeking damages under an employment contract.

6.  On November 24, 2010, the Court entered its *Order Approving Stipulation for Committee Standing to Bring Certain Claims on Behalf of the Debtors' Estates* which conferred standing on the Committee to pursue certain claims that the Debtors may have against the recipients of certain transfers that are potentially avoidable under chapter 5 of the Bankruptcy Code [Case No. 08-13127, Docket No. 721] (the "Standing Order").

7.  On December 4, 2010, the Committee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") by filing the *Objection by the Official Committee of Unsecured Creditors to the Claim of Robert L. Golish [Claim No. 33] and Counterclaim to Avoid Fraudulent Transfer* [Adv. Case Docket No. 1] (the "Complaint").  The Complaint objects to Claim 33 and seeks to avoid certain fraudulent transfer(s).

8. Pursuant to the Standing Order, the Committee has the right and authority to negotiate and enter into a settlement on behalf of the Debtors' estates with respect to the Adversary Proceeding, subject to approval by the Court.

9. Since shortly after the Committee filed the Complaint, the Parties have been engaged in negotiations to resolve the Adversary Proceeding.

10. In settlement of the Adversary Proceeding, the parties now wish to reduce and allow Claim 33 as a non-priority, unsecured claim and to dismiss the Adversary Proceeding on the terms and conditions set forth in the Stipulation.

## RELIEF REQUESTED

11. By this Motion, the Committee seeks entry of an order: (i) approving the Stipulation, (ii) authorizing the Committee to enter into the Stipulation, and (ii) granting related relief. If approved, the Stipulation will resolve the Adversary Proceeding, Claim 33, and all other claims in connection therewith.

## THE STIPULATION

12. Subject to Court approval and pursuant to the Stipulation, the Committee and Golish have agreed to the following key terms:

   a. Claim 33 shall be deemed modified and amended as an allowed, non-priority, unsecured claim in the reduced amount of $400,000;

   b. the Adversary Proceeding shall be dismissed with prejudice;

   c. except for Claim 33, as modified by the Stipulation, Golish releases the Debtors, the Committee, and the representatives of each of the Debtors and the Committee (collectively, the "Released Parties") of any and all other claims, liabilities, charges, interests, fees, expenses, encumbrances, known or unknown, contingent or liquidated, fixed or unfixed, that Golish

        has or may have against the Released Parties from the beginning of the world to the Stipulation Date; and

    d.    the Released Parties, in turn, release Golish of any and all other claims, liabilities, charges, interests, fees, expenses, encumbrances, known or unknown, contingent or liquidated, fixed or unfixed, that the Committee may have against Golish from the beginning of the world to the Stipulation Date.

## BASIS FOR RELIEF REQUESTED

13.    Bankruptcy Rule 9019(a) provides that, on motion by a debtor, the Court may approve a compromise or settlement. Bankruptcy Code section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provision of this title." Approving the Stipulation and providing the Committee with the authority to enter into the Stipulation is clearly beneficial to the Debtors for the reasons specified below. Accordingly, the Committee respectfully requests that the Court authorize the Committee to enter into the Stipulation.

14.    In arriving at the agreement, the Committee was guided by the factors established by relevant case law regarding the reasonableness of settlements. These factors include:

    a.    the probability of success in the litigation;

    b.    the complexity, expense and likely duration of the litigation;

    c.    all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

    d.    whether the proposed compromise is fair and equitable to the Debtors, its creditors and other parties in interest.

*See, Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *see also, In re Martin*, 91 F.2d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy'"). Basic to the process of evaluating proposed settlements is the "need to compare the terms of the compromise with the likely rewards of the litigation." *TMT*, 390 U.S. at 425. The *TMT* rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, rather, the Court's obligation is "to canvass the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 COLLIER ON BANKRUPTCY ¶ 9019.02 (16th rev. ed.) (quoting *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991) (internal quotations omitted)).

15. When considering the merits of the Stipulation, the Committee focused on: (i) the benefits the Stipulation provides to the Debtors, including the favorable resolution of the Adversary Proceeding, (ii) the expenses the Committee would likely incur in connection with objecting to Claim 33 and litigating the Adversary Proceeding, and (iii) the likelihood of success on the merits in the Adversary Proceeding. Accordingly, the Committee is confident that the Stipulation meets the standards set forth in *TMT*.

16. Pursuant to the Stipulation, the Committee is resolving the Adversary Proceeding and Claim 33 on terms favorable to the estate. Specifically, per the Stipulation, Claim 33 shall be reduced by over one half the amount claimed. This represents a significant savings to the estate – a savings that will directly benefit other creditors holding valid claims.

17. The factual bases alleged in the Complaint are not uncomplicated. The Complaint seeks to reduce the amount of Claim 33 to zero based on factual allegations which would require further development through a thorough and complete discovery process. Furthermore, it is

5

likely that Golish, who is represented by counsel, and is himself an attorney, would vigorously defend the Adversary Complaint thus presenting the potential for a highly contested litigation requiring the estate to incur added legal costs.  The settlement of the Claim 33 on the terms set forth in the Stipulation would eliminate the legal costs associated with litigating the Adversary Proceeding to a conclusion.

18.    In summary, the Committee has weighed Claim 33 and defenses available to Golish in the Adversary Proceeding in light of the facts and circumstances.  The Committee believes, in light of the known facts, that the risk, cost, and delay associated with litigating the Adversary Proceeding to a successful outcome for the Debtors is outweighed by the benefits of the proposed Stipulation.  Accordingly, the Committee believes that the resolutions contained in the Stipulation are in the best interests of the Committee and its creditors.

## **NOTICE**

19.    Notice of this Motion has been given to the United States Trustee, counsel for the Debtors, counsel to Golish, and all parties that have requested such notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Committee submits that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing the Committee to enter into the Stipulation, approving the Stipulation, and granting such other and further relief as is just and proper.

Dated: May 5, 2011

                      **BLANK ROME LLP**

                      */s/ Jane Bee*
                      Regina Stango Kelbon (DE Bar No. 5444)
                      Jane A. Bee (DE Bar No. 5457)
                      1201 Market Street
                      Wilmington, DE 19801
                      Telephone: (302) 425-6400
                      Facsimile: (302) 425-6464

                      -and-

                      Jeremy A. Rist
                      Josef W. Mintz
                      One Logan Square
                      130 North 18th Street
                      Philadelphia, PA 19103-6998
                      Telephone: (215) 569-5762
                      Facsimile: (215) 832-5762

                      *Counsel to The Official Committee of Unsecured Creditors of PFF Bancorp, Inc., et al.*